**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES LILLY, | ) | CASE NO. 1:25-cv-00027 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. RUIZ |
| v. | ) | |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Amanda M. Knapp (R&R). (R. 11).[1] Plaintiff James Lilly's Complaint (R. 1) challenges the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits (DIB). The Magistrate Judge's R&R recommends the Court affirm the Commissioner's decision. (R. 11, PageID 1373). The R&R specified that any objection must be filed within 14 days of the parties being served with a copy of the R&R. Fed. R. Civ. P 72(b)(2); 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). That period has expired, and neither party has filed any objections.

### I. Standard of Review for a Magistrate Judge's Report and Recommendation

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Federal Rule of Civil Procedure 72(b)(3) states:

---

[1]     This case was referred to the magistrate judge pursuant to Local Rule 72.2.

> *Resovling Objections.* The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive  further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made but does not specify any standard of review for those reports to which no objections have been lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (citing *Campbell v. U.S. Dist. Ct. for N. Dist. of California,* 501 F.2d 196 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec.*, 2022 WL 219327, at *1 (N.D. Ohio, Jan. 25, 2022) (Lioi, J.) (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

Here, the Report and Recommendation placed the parties on notice as to the potential for forfeiture in the event of failure to object. (R. 11, Page ID 1373).

2

## II. Conclusion

The Court having received no timely objections, has carefully reviewed the Report and Recommendation and finding no clear error, agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 11) is hereby ADOPTED and incorporated herein. The Commissioner's decision is hereby AFFIRMED.

IT IS SO ORDERED.


Date:   March 10, 2026                    s/David A. Ruiz
                                          David A. Ruiz
                                          United States District Judge